Strong, J.
 

 It is said in the opinion of the supreme court, that the title to the unburnt brick passed to the defendant on the 3d of September, before they had been separated from the mass in the new kiln, or burnt. In this I think they were wrong. Chancellor Kent says that when the goods sold are mingled with others, they must be ascertained, designated and " separated from the mass, before the property can pass. It is a fundamental principle pervading every where the doctrine of sales of chattels, that if goods be sold while mingled with others, by number, weight or measure, the sale is incomplete, and the title continues with the seller, until the bargained property be separated and identified. (2
 
 Kent’s Com.
 
 496.) These rules are fully supported by the authorities cited by the chancellor. The reason is, that the sale cannot apply to any article until it is clearly designated, and its identity thus ascertained. In the case under consideration, it could not be said with certainty that any particular brick belonged to the defendant until they had been separated from the mass. If some of those in an unfinished state had been spoiled in the burning, or had been stolen, they could not have been considered as the proper
 
 *260
 
 ty of the defendant, and the loss would not nave fallen upon Ihim. ¡But if the goods sold are clearly identified, then, although ¡it may be necessary to number, weigh or measure them, in ¡¡order to ascertain what would be the price of the whole at a rate -agreed upon between the parties, the title will pass. If a flock of sheep is sold at so much the head, and it is agreed that they shall be counted after the sale in order to determine the entire price of the whole, the sale is valid and complete. But if a given number out of the whole are sold, no title is acquired by the purchaser until they are separated, and their identity thus ascertained and determined. The distinction in all these cases does/ not depend so much upon what is to be done, as upon the obi ject which is to be effected by it. If that is specification, the property is not changed; if it is merely to ascertain the total value at designated rates, the change of title is effected. | In this case, the judge who tried the cause did not decide directly that the defendant had acquired a title to the bricks which he took before they had been separated. The question was, however, distinctly raised by the plaintiff’s counsel, and was in effect decided against him. Although the judge erred in that, the judgment will not therefore be reversed if in legal intendment the error could not in any manner have prejudiced the plaintiff. It could not have had that effect if the plaintiff must still have failed in the suit had the point been decided in his favor.
 

 If the coimsel for the plaintiff had insisted that the question of delivery of the brick should have been submitted to the jury as one of fact, there was enough in the evidence to have called upon the judge to adopt that course ; but this position was not taken by the counsel: on the contrary, he called upon the judge to decide it as a question of law, upon facts which were not controverted, and, assuming those facts to be true, the judge decided that point correctly. The delivery was not simply of the specific bricks eventually taken by the plaintiff, but of the whole with the privilege of selection. The formal delivery of the yard must have been designed by the parties to carry with it the possession of the bricks, or it would have been a mere idle ceremony. The defendant then took possession of the whole, and gave directions about burning those which were yet in an
 
 *261
 
 unfinished state. It made no difference that such directions were given to one who had an interest in a portion of them, and had previously owned the whole. If one sells an article, and delivers it, the delivery would be none the less effectual because the vendor happened to be employed to perform some additional work upon it, even at his own expense. And surely, goods may be delivered by one to another having an interest in them, although the prior possessor may not part with all his title to the whole. Under these circumstances, trespass would not lie at the suit of the vendor, or his subsequent vendee. The goods being in the possession of another, the vendee took his title with an implied, if not a positive, notice of the rights of the possessor, to which the interest acquired by him was subordinate. In order to maintain trespass, it is necessary that the plaintiff should have the actual possession of the property, or, an absolute title to it, which gives the right of possession. In this case, while the actual possession was in the defendant, it does not appear that any possession whatever had been delivered to the plaintiff; neither had he the absolute property in any of the brick until the defendant had exercised his right of selection. The defendant had, therefore, made out a full defence to the plaintiff’s action, as. was correctly decided by the judge; and although he may have placed the decision on different, and possibly insufficient grounds, yet, as the judgment was right, it should not be disturbed.
 

 Jewett, C. J. and Brcnson, J. dissented.
 

 Judgment affirmed.1