## DEXTER vs. BEVINS.

Ordinarily, in the sale of personal property which requires some act of the vendor, to complete the delivery, such as weighing or measuring, to ascertain the quantity, no title passes to the vendee until such weighing or measuring has taken place.

But the parties have the right, by express contract, to prescribe the terms upon which the title to personal property shall vest in the purchaser, without such measurement or weighing. And when such an agreement is made, the title will be held to have vested in the purchaser from the moment the terms specified in such agreement have been complied with.

Thus where an agreement for the sale and delivery of a quantity of cord wood provided that when the wood was delivered "in rank and order to be measured," it should be the property of the purchaser; *Held* that upon the delivery of the wood at the place specified, piled in proper condition to be measured, the title passed.

THIS is an appeal from the judgment of the county court of the county of Sullivan reversing a judgment rendered in a justice's court in favor of the above named plaintiff against the above named defendant, for taking and converting to his use a quantity of cord wood, to which the plaintiff claimed title. The plaintiff and one Daniel Roberts entered into the following agreement: "Agreement made the 15th day of April, 1859, between Jonathan Dexter of the one part, and Daniel Roberts, jr. of the other part, witnesseth. The said Dexter to sell to Roberts one pair of horses and wagon, for

$280, to be paid in cord wood delivered on the bank of the New York and Erie rail road, near Hughes' store, at said rail road co.'s prices for wood of different qualities. The said Dexter retains a lien upon said property as security for purchase value. And it is agreed between the parties that when wood is delivered *in rank and order to be measured, that is then the property of Dexter.* The whole amount of wood is to be delivered at the place aforesaid by the first day of July next, (1859.) Further it is agreed *that at any time said Roberts delivers any* part of the said wood in rank as aforesaid, Dexter is to measure the same and receipt the value thereof upon the above purchase value. In witness whereof the parties hereunto set their hands and seals the date aforesaid. Damascus, Wayne county, Pennsylvania.

JONATHAN DEXTER. [L. S.]<br>DAN. ROBERTS. [L. S.] "

Roberts received the wagon and horses, and subsequently *drew to the place mentioned in the contract for the delivery of the wood about* 72 *cords and there piled the same in rank and order.* After it was so piled, the parties met at the place where the wood was located, and a man by the name of Murray measured the wood, but it appears from this evidence that it was inaccurately done. Two conversations occurred between Dexter and Roberts, in relation to the measurement and delivery of the wood, and they disagree in their testimony as to what occurred on those two occasions. It was however not disputed but that Dexter was ready and willing to receive the wood, upon the contract. Roberts subsequently sold the wood to the defendant, who purchased with a knowledge of Dexter's contract, and his claim to the wood. The plaintiff demanded the wood of the defendant, who refused to deliver it to the plaintiff.

*Lyman Tremain,* for the appellant.

*Samuel Hand,* for the respondent.

*By the Court*, INGALLS, J. In considering the evidence, upon this appeal, we must assume that the jury determined adversely to the plaintiff the questions of fact upon which there is a conflict of evidence. And this court will not interfere with the verdict of the jury upon a disputed question of fact, where the evidence is conflicting. (*Baum* v. *Tarpenny*, 3 *Hill*, 75. *Adsit* v. *Wilson*, 7 *How. Pr. Rep.* 64. *Bennett* v. *Scutt*, 18 *Barb.* 347. *Rathbone* v. *Stanton*, 6 *id.* 141.) The question then to be determined upon this appeal is, whether from the undisputed facts, the plaintiff was entitled to the verdict of the jury. If so, the judgment of the county court should be sustained; otherwise reversed. It was not denied but that Dexter and Roberts entered into the agreement. And that Roberts received the wagon and horses under the contract *and delivered the cord wood in question at the place designated in the contract,* which Dexter was ready to receive. And that the defendant purchased the wood with knowledge of the plaintiff's claim.

Ordinarily, in the sale of personal property which requires some act of the vendor to complete the delivery, such as weighing or measuring, to ascertain the quantity, no title passes until such weighing or measuring takes place. (*Downer* v. *Thompson*, 2 *Hill*, 137. *McDonald* v. *Hewett*, 15 *John.* 349. *Ward* v. *Shaw*, 7 *Wend.* 404.) The parties have the right, by express contract, to prescribe the terms upon which title to personal property shall vest in the purchaser without such measurement or weighing. Indeed they have a perfect right to make just such a contract as they please, provided no principle of law is violated thereby. And when the contract is made, however burdensome or inconvenient it may be, the parties must abide by it. And it is the province of the court to construe and enforce it, and not seek to make any other contract for the parties. (*Story on Contracts,* § 800.) In *Andrews* v. *Durant,* (11 *N. Y. Rep.* 42,) Denio, J. says: "It is no doubt competent for the parties to agree when and upon what condition the property in the subject

of such a contract shall vest in the prospective owner."
(*Crofoot* v. *Bennett*, 2 *N. Y. Rep.* 268. *Brower* v. *Salisbury*, 9 *Barb.* 511.) In *Olyphant* v. *Baker*, (5 *Denio*, 379,)
Beardsley, J. says: "There is a class of cases which determine that though something remains to be done to ascertain
price, &c. *yet if it clearly appears to be the* intention of the
parties that the property *shall be deemed to be delivered and
the title pass, it will be so held."* (*McOmber* v. *Parker*, 13
*Pick.* 176. *Riddle* v. *Varnum*, 20 *id.* 280.) In the last case,
Dewey, J. says: "But in the case of sales, where the property
to be sold is in a state ready for delivery, and the payment of
the money or giving security therefor, is not a condition precedent to the transfer, it may well be the understanding of the
parties that the sale is perfected and the interest passes immediately to the vendee, although the weight or measure of the article sold remains yet to be ascertained. Such a case presents a
case of the intention of the parties to the contract." By this
contract the parties agree as follows: "And it is agreed between
the parties, that when the wood is delivered in rank and order *to
be measured, that is then the property of Dexter."* It would
be difficult to select language which could more clearly express the obvious intention of the parties. The language
excludes the idea that measuring was essential to vesting the
title to the property in Dexter. Then follows a further provision: "Further it is agreed, that at any time said Roberts
delivers any part of the wood *in rank as aforesaid,* Dexter
is to measure the same and receipt the value thereof on the
above purchase value." This provision does not conflict with
the previous one, nor is it in any manner inconsistent with it,
but rather confirms it, by providing that the vesting of title
to the wood in Dexter shall not depend upon the delivery of
the whole wood, but shall take effect as portions are delivered; and that application upon the contract shall be made
of the value of such portions when delivered. I think this
provision was not intended by the parties to make the measurement of a portion of the wood a condition precedent to

Dexter *v.* Bevins.

the passing of title thereto to Dexter. Such a construction would, in my judgment, be wholly inconsistent with, and directly antagonistic to, the clearly declared intention of the parties, as to the delivering of the whole wood. The wood was piled by itself, and at the place pointed out by the contract, and understood by the parties to be there deposited to apply upon the contract; and hence unlike a class of cases which hold that the delivery is not perfect because the subject of the contract is not separated from the mass, and hence not susceptible of identification. In *Crofoot* v. *Bennett,* (2 *Comst.* 260,) the court say: "But if the goods sold are clearly identified, then, although it may be necessary to number, weigh or measure them in order to ascertain what would be the price of the whole at a rate agreed upon between the parties, the title will pass." (*Terry* v. *Wheeler,* 25 *N. Y. Rep.* 520.)

The county judge, in his opinion, refers to the case of *Comfort* v. *Kiersted,* (26 *Barb.* 472,) and very clearly distinguishes that case from this; as in that case the court held that the property did not pass, because it was in no manner designated so as to be identified. Justice Harris says: "The shingles must have been in some way designated and set apart so as to be capable of being identified as the property of the purchaser." Within the principle decided in the last mentioned case the title to the wood vested in Dexter; for the prerequisites which were wanting in the case in 26 *Barb.* exist in this case, viz. separation and identification. The verdict of the jury was erroneous, and the judgment entered thereon was properly reversed by the county court.

The judgment of the county court should be affirmed with costs.

[ALBANY GENERAL TERM, March 7, 1864. *Peckham, Miller* and *Ingalls,* Justices.]