## KLINCK *vs.* KELLY, Sheriff, &c.

After a stock of goods, in a store, belonging to F. & T. had been levied upon by the sheriff by virtue of an attachment at the suit of P. & Co., an agreement was made by F. & T. for the sale of the goods to the plaintiff. An inventory was made, and thus the goods were designated; the price was agreed upon, a part of it paid, and notes given for the balance, after deducting the amount of the debt due in the attachment suit of P. & Co., of which debt the plaintiff assumed the payment; and a bill of sale of the goods was made by F. & T. to the plaintiff, and receipted; and all that it was in the power of the vendors to do was done, to make a delivery of the goods. *Held* that, assuming that the transaction was not fraudulent, it embraced

Klinck *v.* Kelly.

all the elements requisite to make an effectual sale of the goods to the plaintiff.

*Held, also,* that the sheriff was not authorized to seize or hold the goods under attachments issued against the property of F. & T. after such sale to the plaintiff was made; for the reason that the goods were no longer the property of F. & T., but of the plaintiff.

And the plaintiff having offered, before commencing this action against the sheriff, to pay him the amount for which he held the goods at the time of the sale thereof to the plaintiff, if he would restore the goods, which the sheriff refused to do, claiming the right to hold them under the subsequent attachments; *Held* that after such refusal, a formal tender would have been useless, and was therefore unnecessary.

*Held, further,* that the plaintiff's right to the possession of the goods, upon payment of the amount of the first attachment, and costs, was clear. That the offer to pay, under the circumstances, was equivalent to actual payment; and the refusal of the sheriff to restore the goods on receiving the offer of payment, was an act of conversion, on his part.

APPEAL from a judgment entered upon a dismissal of the complaint on the trial at the circuit, before the court and a jury.

The complaint was for the wrongful taking and unlawful detention and conversion of the interest of the plaintiff in goods, wares and merchandise, of the value of $45,000, owned by the plaintiff, subject to the lien of an attachment for about $11,000, issued to and levied by the defendant as sheriff of the city and county of New York.

The answer denied the alleged ownership of the property, also the alleged wrongful taking, detention, and conversion, and set up a justification of the taking, &c., under various attachments.

It was proved at the trial, that on the morning of the 12th of November, 1866, Folger & Tibbs, of the city of New York, were the owners of a stock of goods then in the store 54 Leonard street, in said city, on which goods an attachment, at the suit of Paine, Berry & Co., against them for about $11,000, had, on the 10th of that month, been levied by the defendant as sheriff, by virtue of which the sheriff, by his assistants, had the goods in his custody at said store. The plaintiff was a merchant in dry goods

and clothing, residing at Lyons, New York. He also had an auction business, which he carried on at different places in that vicinity. The plaintiff first became acquainted with Folger & Tibbs, October 9, 1866, at which time he bought goods of them. He came to New York on the morning of the 11th of November, and in the course of that day a negotiation was opened between Folger & Tibbs and the plaintiff for the sale of the goods to the plaintiff. In the evening and night of that day an inventory of the stock of goods was taken by Folger & Tibbs. When it was completed, and between twelve and one o'clock the next morning, the negotiation resulted in the purchase of the goods by the plaintiff. The inventory amounted to about $45,000, and the goods were of that value. By the terms of the purchase the plaintiff was to pay sixty cents on the dollar of the amount of the inventory as follows: to assume the payment of the attachment debt to Paine, Berry & Co.; to pay $6000 in cash, and give his notes at thirty, sixty and ninety days at bank, for the balance; all which was done by the plaintiff. A bill of sale was thereupon given by Folger & Tibbs to the plaintiff for the goods, duly receipted. The plaintiff also paid Folger & Tibbs the rent of the store up to the 1st of December, they having hired it, and paid the rent to that time. During the negotiation for the purchase, the plaintiff consulted, and was advised by counsel, he could purchase the goods subject to the lien of the Paine, Berry & Co. attachment. After the payments had been made and the bill of sale delivered, the plaintiff was introduced to the sheriff, who had been there during the whole time, and told him he had bought the stock; that it was very near morning, and he thought he would not go to the hotel; to which the sheriff answered, " very well, there is a couch; there are some blankets, you can make yourself comfortable." Tibbs gave to the plaintiff the keys of the store; then all went away except the two watch-

Klinck *v.* Kelly.

men, the porter, and the plaintiff; the plaintiff remained in possession about ten days. The next morning, the 12th, the plaintiff was at work, arranging the goods. About ten o'clock, between ten and eleven, the sheriff came in with attachments; afterwards, that day, he came in, several times, with other attachments. On the 13th, 14th and 17th of November, other attachments subsequent to that in favor of Paine, Berry & Co., were issued to the sheriff, under which attachments the defendant claimed to hold the entire interest in the goods, subject to the lien of the first named attachment. After the purchase, and while the plaintiff and the sheriff were in the store together, the plaintiff told the sheriff he was willing to pay the first attachment if he could have the goods. The sheriff said, " they were determined to hold them." This action was commenced December 27, 1866. In the latter part of December, before the commencement of the action, the plaintiff, by his attorney, called on and informed the defendant that he should hold him responsible for the goods, less the amount of the first attachment; and offered to pay him the amount of that attachment. The defendant waived a formal tender; and refused to give up the goods, claiming them under the other attachments. The goods were sold by the sheriff before the commencement of this action, some time in November, except some that had been replevied from the sheriff; and the amount realized at the sale, beyond satisfying the first attachment and expenses, and which went to the second attachment, was $5713.62. After the sale, and before the commencement of this action, the plaintiff, by his attorney, notified the sheriff that he was required to defend the replevin suits, and demanded of the sheriff the surplus money. Evidence was received, on the part of the defendant, of the attachments subsequent to the purchase of the goods by the plaintiff, under objections and exceptions on the part of the plaintiff.

At the close of the evidence, the defendant moved for a dismissal of the complaint, on the grounds stated in the case, 1. That the plaintiff had failed, by his proofs, to establish a cause of action. 2. That no title to the goods had passed to the plaintiff. 3. That this action could not be maintained, whether considered as an action of trespass or trover. 4. That the attachment in favor of Paine, Berry & Co. had not been paid before the levy under the second attachment. The motion was granted, and the plaintiff excepted to the decision.

*T. R. Strong,* for the appellant.

I. It must be assumed, in the review of the decision dismissing the complaint, that the transactions between the plaintiff and Folger & Tibbs, of the purchase of the goods by the plaintiff, and relating thereto, were free from any intention to defraud creditors, and in good faith. 1. Under the evidence, the question of fraud did not belong to the court; but was exclusively for the jury. 2. The motion was not made upon the ground of fraud. 3. And the dismissal could not be justified on such ground. The decision would be erroneous for withdrawing the case from the jury. No request that the case be submitted to the jury, was necessary. The decision was a refusal to do so. (*Sheldon* v. *The Atlantic Fire and Marine Ins. Co.,* 26 *N. Y.* 460, 464, 465.)

II. Both parties assumed that Folger & Tibbs were the owners of the goods, and claim under them. The defendant claiming by virtue of the attachment of Paine, Berry & Co., two days prior to the purchase by the plaintiff, the 12th of November, 1866, and other attachments subsequent to that purchase. The plaintiff claiming by his purchase, subject to the attachment of Paine, Berry & Co., and prior to the other attachments.

III. The purchase by the plaintiff vested in him the entire interest of Folger & Tibbs in the goods, which was

Klinck *v.* Kelly.

the sole and absolute ownership, subject to the lien of the attachment then upon the goods. The delivery of the goods, subject as aforesaid, was full and ample, but a delivery of the bill of sale would have been sufficient to vest the title without any other delivery. (*Wilkes* v. *Ferris,* 5 *John.* 335. *Russell* v. *Carrington,* 42 *N. Y.* 118, 124, 125. *Terry* v. *Wheeler,* 25 *id.* 520, 524–526. *Olyphant* v. *Baker,* 5 *Denio,* 379.) The sheriff, by that attachment, had only a qualified, special interest, a mere lien for the purpose of the collection of the attachment debt; the ownership and whole interest beyond that was in the plaintiff. (*Pierce* v. *Kingsmill,* 25 *Barb.* 631. *Rhoads* v. *Woods,* 41 *id.* 471, 474. *Frost* v. *Mott,* 34 *N. Y.* 253, 255. *Code,* § 227, *&c., as to lien of attachment.*) The sheriff might retain the goods, or sell them under the order of the court, and hold the proceeds to the amount of the debt, but beyond that had no right to them whatever. If Folger & Tibbs had, after the levy of the attachment, assigned the goods to pay creditors, the assignee would have acquired the title subject to the payment of the debt to the attaching creditor. (*Grant* v. *Chapman,* 38 *N. Y.* 293.) And upon the same principle the absolute purchaser would acquire the absolute ownership, subject to the like payment. (*Frost* v. *Hill,* 3 *Wend.* 386.)

IV. It was an unlawful taking and conversion of the interest of the plaintiff in the goods to assume to attach, hold and dispose of it, under attachments against Folger & Tibbs coming to his hands subsequent to the purchase by the plaintiff. The levy of the subsequent attachments was wrongful, as against the plaintiff's interest. It was an assertion of dominion over the property beyond the lien of the first attachment, which was a conversion. The defendant asserted a right to the whole property to satisfy all the attachments. It was, most clearly, an unlawful taking and conversion to insist upon retaining and selling the property after the offer of the plaintiff to pay the

attachment, connected with the waiver by the defendant of a formal tender. (*Meserole* v. *Archer*, 3 *Bosw.* 376, 382.)

V. The sale of the goods to the amount of $5713.52 beyond what was necessary to pay the first attachment, and applying that surplus to the subsequent attachments was, manifestly, an unlawful taking and conversion.

VI. The admission in evidence of the subsequent attachments, and the proceedings connected with them, was erroneous.

*A. J. Vanderpoel*, for the respondent.

I. The court properly dismissed the complaint, because no title to the goods in controversy had ever passed to the plaintiff. 1. At the time of the alleged sale Folger & Tibbs had neither the possession of the property nor the right to such possession. 2. The payment of the Paine attachment by the plaintiff was a condition precedent which was not performed, and was not and could not be waived. It was part of the cash consideration ; delivery of the property could not be made, and the transfer was not intended by the parties to be complete until after payment of said attachment indebtedness by the plaintiff. (*Smith* v. *Lynes*, 5 *N. Y.* 44.)

II. The sheriff was justified in selling the property as he did, and no tender of the amount, or payment, of the Paine attachment, after the delivery of the subsequent attachments to him, could relieve him of the duty of selling. The property in the defendant's hands was subject to the attachments received by him on Monday, and, by operation of law, these attachments became liens upon the property from the time of their delivery to him.

III. The complaint is for wrongfully taking and unlawfully detaining and converting the property of the plaintiff. The action was not sustained by the evidence, because it failed to show property in the plaintiff of the goods in question, and a right of possession thereto, at

Klinck *v.* Kelly.

the time of the alleged taking and conversion. The right of possession, with either general or special property in the plaintiff, was essential to sustain the action.

*By the Court,* GILBERT, J. The questions presented are: 1st. Whether there was a valid and completed sale of the goods by Folger & Tibbs to the plaintiff; and 2d. Whether the facts make out the cause of action alleged. Upon both these questions our opinion must be in the affirmative.

Nothing appears to be wanting to make an effectual bargain and sale of the whole stock of goods. An inventory was made, and thus the goods were designated; the price was agreed upon, and a part of it paid; and all that it was in the power of the vendors to do was done, to make a delivery of the goods. The goods had been seized by the sheriff by virtue of an attachment against Folger & Tibbs. But this did not alter the general property in the goods, or disable Folger & Tibbs from making a sale of them, subject to the rights acquired by means of the attachment. The attachment created a lien only. The goods were held by the sheriff contingently " as security for such judgment as the attaching creditor might recover;" (*Code,* § 227;) and upon payment of the debt and all costs of the proceeding, it was the duty of the sheriff to restore the property. (*Idem.* § 237.) We have no doubt that the transaction embraced all the elements requisite to make an effectual sale of the goods. (*Crofoot* v. *Bennett,* 2 *N. Y.* 258. *Olyphant* v. *Baker,* 5 *Denio,* 379.) The sheriff was not authorized to seize or hold the goods under the attachments which came into his hands after this sale was made; for the reason that the goods were no longer the property of Folger & Tibbs, but of the plaintiff. It is scarcely necessary to observe that the court below having nonsuited the plaintiff, we are bound to assume, in the present disposition of the case, and have assumed, that the transaction between the plaintiff and Folger & Tibbs

was not fraudulent, as to the creditors of the latter.    For if the question of fraud had been raised, in the court below, it would have been the duty of the court to submit the case to the jury.

The plaintiff offered, before this action was commenced, to pay the sheriff the amount for which he held the goods, at the time of the sale to the plaintiff, if he would restore the goods.  This was refused by the sheriff, on the ground which was distinctly stated by him—that he should hold the goods under the other attachments.    After such a refusal, a formal tender would have been useless, and was therefore unnecessary.

The plaintiff's right to the possession of the goods, upon payment of the amount of the first attachment and costs, is clear.    The offer to pay, under the circumstances, was equivalent to actual payment, and the refusal of the sheriff to restore the goods on receiving the payment offered, was an act of conversion on his part.

The judgment must be reversed, and a new trial granted, with costs to abide the event.

[First Department, General Term, at New York, November 4, 1872. *Leonard* and *Gilbert*, Justices.]