## JESSE O. BURROWS, RESPONDENT, *v.* STEPHEN F. WHITAKER, APPELLANT.

*Contract of sale — when title passes — Delivery — acts to designate articles — to ascertain their value — distinction.*

Defendant agreed to purchase of the plaintiff all the lumber he should deliver, prior to the spring or rafting freshet, at a place on the Delaware river to be provided by the defendant, who also agreed to furnish a man to receive and cull the same, and to pay therefor eleven dollars per thousand for all good lumber, and five dollars and fifty cents for the culled; the amount of lumber to be counted while on the bank or estimated when in a raft. In pursuance of this contract plaintiff delivered lumber at the place to a man employed by the defendant to receive and cull it; before the lumber had been counted or estimated a portion of it was carried away by a freshet. *Held*, that the title to the lumber passed to the defendant upon its delivery at the designated place, and that he was liable for the price thereof.

If the act remaining to be done is one of specification the title does not pass; if only to ascertain the total value at designated rates, the title does pass.

APPEAL by the defendant from an order denying a motion for a new trial made on the judge's minutes, and also from a judgment in favor of the plaintiff, entered on the verdict of the jury.

The action was brought to recover for a quantity of sawed lumber, alleged to have been sold and delivered by the plaintiff to the defendant. The answer was a general denial and payment.

On the trial the plaintiff gave evidence tending to show a sale of the lumber and its delivery on the bank of the Delaware river, where it was agreed that it should be deposited. While the lumber was lying on the bank of the river a portion of it was carried away by a freshet. The defendant accepted and paid for the remainder, but refused to pay for what was lost by the freshet, and this action was brought to recover therefor. The jury found a verdict for the plaintiff for $910.82. A motion was made for a new trial on the judge's minutes, which was denied. Judgment being entered on the verdict an appeal was taken therefrom, and also from the order denying a new trial.

The question on the trial was whether, by the terms of the contract of sale, which was oral, the title to the lumber passed to the defendant on depositing and leaving it for the defendant on the bank of the river. It was also insisted that there was evidence tending to show its actual acceptance. The facts necessary to the consideration of the questions presented on the appeals are given in the following opinion.

*Chapman & Martin,* for the appellant.

*A. C. Moses* and *Giles W. Hotchkiss,* for the respondent.

BOCKES, J. :

There was no dispute as to the general facts of the case. That there was an agreement between the parties for the purchase and sale of the lumber was admitted by both, and its terms were given by them alike except, perhaps, as to the single point of delivery. The contract was made in the spring of 1872. The defendant agreed to pay the plaintiff eleven dollars per thousand for all the good lumber, and five dollars fifty cents for all the culled lumber, the latter should deliver at Traver's eddy, on the bank of the Delaware river, prior to the first rafting freshet in the spring of 1873, the defendant agreeing to have a man at the place of delivery to cull and pile it. Under this contract the plaintiff commenced to deliver the lumber at the place designated, in the early part of December, and continued such delivery until about the middle of January following or perhaps a little later; the defendant fur-

nishing a man as he had agreed to do, who assisted in unloading and directed the culling and piling it. During the time of such delivery, and on the seventeenth January, there occurred an ice freshet which washed away the lumber in dispute. The case turned on the question, whether there had been such a delivery of the property washed away as to vest the title to it in the defendant. Let us now turn our attention to the proof bearing on the question of delivery. The plaintiff testified as follows: "He said he would buy it on the bank, if I would deliver it on the bank at Traver's eddy. * * * We talked it over a few minutes and I finally told him he could have it on the bank. * * * It was agreed upon that he should furnish a man to pile it. * * * He didn't want the culls in, as it would hinder him about rafting, and he would cull it and pile it so as to have it handy to raft. * * * I think I asked him how we should get at the amount, and after talking awhile we said to each other that we would either count it or estimate it; either count it on the bank or estimate it in the raft." On his cross-examination, he said, "it was to be either counted on the ground or estimated in the raft; it was not decided which;" and again, "it was either to be counted on the bank or estimated in the raft, when rafted." The defendant testified that the lumber "was to be counted on the bank, in the spring when we rafted; when spring opened I was to take the lumber and have it counted or estimated when rafted in the raft." He denied that he agreed to furnish a man to receive, cull and pile the lumber as it was being drawn. Such was the substance of the evidence on this point; and it is readily seen that it was not so entirely uncontradictory and positive as to leave the question as to the change of title a mere matter of law. Precisely what the parties agreed upon in regard to the delivery became a question of fact, to be determined on a consideration of the evidence as given by the parties, not entirely harmonious, viewed under the light of the circumstances attending the transaction. Had the contract been in writing, in the absence of any latent ambiguity, the question would have been one of law on the instrument itself; a simple question of legal construction. But here the parties differed somewhat, both as to what was said at the time the bargain was entered into and

as to their subsequent action in carrying it into effect. Such action is frequently of significance in determining the purport of a contract, where its construction is a subject of doubt. This was a case open to examination on all the evidence as a question of fact, whether the deposit of the lumber on the bank of the river constituted an absolute and perfected delivery of it, pursuant to the contract between the parties. The parties had testified, each to his own version of the contract; they were not entirely harmonious in their statements; the defendant provided the place of deposit on the bank of the river; he furnished a man to pile, cull and count it as it was there deposited; the plaintiff testified that he agreed to furnish a man so to receive it; the lumber, or part of it, was rafted without further or mutual inspection; there were declarations of the defendant of some significance as to his interpretation and understanding of the contract. Under this condition of the case it was properly submitted to the jury for their determination as a question of fact: (1) As to what the contract was, and (2) whether there was an absolute and perfected delivery of the lumber under the contract.

It is insisted on the part of the defendant, that, accepting the statement of the plaintiff himself, and wholly rejecting all evidence conflicting with it, the lumber was to be counted on the bank of the river in the spring, or estimated in the raft when rafted; neither of which was done as regards what was carried away by the freshet, hence there was no delivery of it so as to vest the title thereto in the defendant. It is, indeed, a very familiar rule, that title to property sold does not vest in the vendee until delivery — actual or constructive; and so it has become a well settled rule that title does not pass to the vendee, so long as any thing remains to be done to ascertain the identity, quantity, quality or price of the property; that is, in case either of these acts was by the fair construction and import of the contract to precede or accompany delivery. The rule has been, perhaps, more clearly stated thus: that where, after a sale of goods, some act remains to be done by either the vendee or vendor before delivery, the property does not vest in the vendee, but continues at the risk of the vendor. The cases bearing on this subject are collected and commented on by Mr. Justice HAND, in *Evans* v. *Harris* (19 Barb., 416), with

few, if any, omissions of those reported prior to that time (1853). And all later cases are probably in consonance with those there cited. The question here is, whether the contract was executed as to the lumber deposited on the bank and received there by the person designated by the defendant to receive it, so fast as it was so deposited; or whether it remained executory until counted in the spring or estimated in the raft. The plaintiff insists that it was the agreement between the parties that the title should pass on delivering the lumber on the bank. The plaintiff likens this case to *Crofoot* v. *Bennett* (2 N. Y., 258), where the bricks sold were not counted out, marked or separated from the residue in the kiln, yet it was held that the title passed to the vendee. In this case it was said that where goods are clearly identified, then, although it may be necessary to number, weigh, or measure them, in order to ascertain what would be the price of the whole at a rate agreed upon between the parties, the title will pass. It was here further said, that the distinction to be observed in the cases does not depend so much upon what is to be done, as upon the object which is to be effected by it. If that is specification, the property is not changed; if it is merely to ascertain the total value at designated rates, the change of title is effected. The doctrine of this case has been repeatedly recognized and sanctioned in more recent decisions, and stands upon a sound basis. (See Wait's Table of Cases under *Crofoot* v. *Bennett*; see, also, *Dexter* v. *Bevins*, 42 Barb., 573; *Tyler* v. *Strong*, 21 id., 200; *Macomber* v. *Parker*, 13 Pick., 175; *Riddle* v. *Varnum*, 20 id., 280; *Russell* v. *Carrington*, 42 N. Y., 118.) In *Macomber* v. *Parker* (*supra*), it was laid down that where a quantity of goods bargained for at a certain rate is actually delivered the sale is complete, notwithstanding the goods are to be counted, weighed, or measured in order to ascertain the amount to be paid for them. Now, assuming it to be true, as the plaintiff testified, that the delivery was to be made on the bank of all the lumber he should see fit to place there prior to the spring or rafting freshet; that the defendant provided the place of its deposit, and agreed to have a man there to receive it, and that he was there and did receive it, culling it as it was delivered; even if the contract was that the amount to be paid should be determined in the spring by counting or estimating, the title passed according to the deci-

sions above cited. The plaintiff says : " I think I asked him how we should get at the amount, and after talking awhile, we said to each other that we would either count it or estimate it ; either count it on the bank or estimate it in the raft." Now, here the property was identified by its delivery on the defendant's banking ground, and by its reception by his agent or servant. The counting or estimating was not necessary for identification. It was in the defendant's actual possession, and under his control, for he contemplated putting it in the raft before estimating it, if he should so elect. The price was settled ; and the counting or estimating was merely to determine the amount with a view to payment. Thus the case was directly within the decisions cited. It must be held that the title to the lumber passed to the defendant on its delivery on the bank of the river. There was no error in the admission or rejection of evidence calling for a reversal of the judgment.

The order and judgment appealed from must be affirmed, with costs.

LEARNED, P. J., concurred. BOARDMAN, J., not acting.

Judgment and order affirmed, with costs.