JESSE C. BURROWS. Respondent, *v.* STEPHEN F. WHITAKER, Appellant.

Where it appears that there has been a complete and full delivery of property, in accordance with the terms of a contract of sale, the title passes, although there remains something to be done in order to ascertain the total value at the rates agreed upon.

In an action to recover the alleged contract price for a quantity of lumber sold to defendant, plaintiff's evidence tended to show that defendant contracted to purchase of plaintiff all the lumber which the latter should deliver at a place designated on the D. river, before the first rafting freshet in the spring; the lumber to be paid for at a price specified for the good and for the culled. Defendant to furnish a man to cull and pile, and the lumber to be counted on the bank, or estimated in the raft. Plaintiff commenced drawing lumber to the place designated, an employe of defendant assisting in culling and piling, but before the lumber so drawn had been counted or estimated, a portion of it was swept away by a flood. *Held,* that the evidence was sufficient to sustain a finding of a valid delivery and acceptance, and to sustain a recovery ; that the contract was not an entirety, and a delivery of the whole amount contracted for was not necessary in order to pass title. *Kein* v. *Tupper* (52 N. Y., 550) ; *Andrews* v. *Durant* (11 id., 40) distinguished

(Argued November 15, 1877; decided November 27, 1877.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, affirming a judgment in favor of plaintiff entered upon a verdict, and

affirming an order denying a motion for a new trial. (Reported below, 8 Hun, 260.)

This action was brought to recover for a quantity of lumber alleged to have been sold and delivered by plaintiff to defendant.

The facts appear sufficiently in the opinion.

*O. W. Chapman,* for appellant. The contract being executory, title to a part of the lumber could not pass until it was all delivered. (*Kein* v. *Tupper,* 52 N. Y., 550, 555; 10 Hun, 227; *Andrews* v. *Durant,* 11 N. Y., 40.) The title could not pass until after a delivery or some act equivalent thereto by plaintiff, and some act amounting to an acceptance by defendant. (*Comfort* v. *Kiersted,* 26 Barb., 472; *Halterline* v. *Rice,* 62 id., 593; Chitty on Contracts, 378; *Andrews* v. *Durant,* 11 N. Y., 35, 40.) If the bargain were treated as a sale, title would not pass to defendant until there had been a complete, final culling of the lumber. (*McDonald* v. *Hewitt,* 15 J. R., 349; *Rapelye* v. *Mackie,* 6 Cow., 250; *Stevens* v. *Eno,* 10 Barb., 95; *Evans* v. *Harris,* 19 id., 416; *Joyce* v. *Adams,* 8 N. Y., 291; *Olyphant* v. *Baker,* 5 Den., 379, 381; *Andrews* v. *Dietrich,* 14 Wend., 32, 35; *Ward* v. *Shaw,* 7 id., 404; *Halterline* v. *Rice.* 62 Barb., 593, 598; *Grout* v. *Gile,* 51 N. Y., 431; *Crofoot* v. *Gile,* 2 id., 258; *Bradley* v. *Wheeler,* 44 id., 495; *Stevens* v. *Santer,* 49 id., 35.)

*A. C. Moses,* for respondent. Whether the title to the lumber passed to defendant depended upon the intent of the parties, and was a question for the jury. (*Terry* v. *Wheeler,* 25 N. Y., 525; *Bacon* v. *Gilman,* 57 id., 656; *Shindler* v. *Houston,* 1 id., 261–270; *Russel* v. *Carrington,* 42 id., 118; *Filkins* v. *Wyland,* 24 id., 338; *Turley* v. *Bates,* 2 H. & C., 200; *Alexander* v. *Gardner,* 1 Bing. [N. C.], 671; *Castle* v. *Playford* [L. R.], 7 Exch., 98; *Fitch* v. *Burk,* 38 Vt., 638; *Riddle* v. *Varnum,* 20 Pick., 283; *Drury* v. *Williams,* 5 Al., 3; *Cushman* v. *Holyoke,* 54 Me., 289; *Williams* v.

*Adams*, 3 Sneed, 359; *Ford* v. *Chambers*, 28 Cal., 13; *Cummins* v. *Griggs*, 2 Duvall, 87; *Burr* v. *Williams*, 23 Ark., 244; *Fuller* v. *Bean*, 34 N. H., 300; *Stone* v. *Peacock*, 35 Me., 388; *Bellows* v. *Wells*, 35 Vt., 509; *Morse* v. *Sherman*, 106 Mass., 430; *McClureg* v. *Kelly*, 21 Iowa, 508; *De Kidder* v. *Knight*, 13 J. R., 294; *George* v. *Stubbs*, 26 Me., 250.) Nothing remained to be done to determine the identity, quality or price of the lumber. (*Crofoot* v. *Bennett*, 2 N. Y., 258; *Hyde* v. *Lathrop*, 3 Keyes, 597, 600; *Dexter* v. *Bevins*, 42 Barb., 573; *Tyler* v. *Strong*, 21 id., 198.)

MILLER, J. The most important question to be determined in this case relates to the single point whether there was a delivery of the lumber in dispute to the defendant. By the contract, which was entered into in the spring of 1872, the defendant was to pay the price agreed upon for all the good and culled lumber which the plaintiff should deliver at Travis' Eddy, on the bank of the Delaware river, prior to the first rafting freshet in the spring of 1873. The delivery was commenced in the early part of December, continued until the middle of January, or a little later, when a freshet occurred, which swept away the lumber, to recover the value of which this action is brought, and which constituted a portion of the entire lumber drawn and placed on the bank. At this time, all the lumber had not been drawn, and the defendant had not commenced rafting, or seen or handled the same, nor had it been counted or estimated, although a man, furnished by the defendant, had assisted in unloading and in culling and piling the lumber.

The question whether there was a valid delivery and acceptance of the lumber washed away by the freshet, and title to the same conferred upon the defendant, must be determined by the testimony relating to the contract. The plaintiff swears that he was to deliver what lumber he could, at prices which were fixed, on the bank at Travis' Eddy, on the Delaware river, and that the defendant agreed to buy

the same, and to furnish a man to pile and cull the lumber. He said he did not want the culls in, as it would hinder him about rafting, and he would cull and pile it, so as to have it ready to raft; and it was agreed that it should be counted on the bank or estimated in the raft. The defendant's version of the contract is, that he was to take such lumber as plaintiff could get on the bank at rafting time, at which period it was to be counted on the bank; or, if estimated, to be done when rafted, and he denies that he agreed to have a man to cull and pile the lumber. The evidence is somewhat contradictory, and what were the exact terms of the contract presented a question of fact for the determination of the jury. If the plaintiff's testimony was true, then the contract was for a delivery on the bank, to be piled and culled by defendant's man. It was not stated that this person should have direct authority to receive the lumber formally, on behalf of the defendant; but, as he had something to do with it in carrying the contract into effect, it is, perhaps, not an unreasonable presumption that he was authorized to receive the lumber. He could not well perform the work which he was assigned to do, without some act of ownership or control, on behalf of the defendant, over the lumber after it was left at the place of deposit which had been provided for under the contract. It further appears, as a circumstance showing the defendant's understanding of the contract, and that he considered himself the owner of the lumber upon its delivery; that, at a subsequent time, without consulting the plaintiff, and without plaintiff's knowledge, and before the lumber had been counted or the quantity estimated, he made up three rafts of the lumber, which was not washed away, and took them down the river, thus assuming that he was the owner and that the title was in him. There were also declarations of the defendant tending to show that such was his construction of the contract. In view of all the evidence and the circumstances connected with the transaction, it was, I think, a fair question for the jury to decide what the actual contract was, and whether the delivery of the lumber was perfect and complete.

The claim of the defendant that there was no sale, but an executory contract to manufacture and deliver the lumber, and that title to a part of the lumber did not pass until the whole was drawn, is not, I think, well founded. The lumber was to be drawn at different times, in quantities, and the nature of the contract is at war with the idea that it was an entirety. It contained no provision from which such an interpretation can be inferred, and the circumstances all tend to a different conclusion. The authorities relied upon to uphold the position contended for are not in point. In *Kein* v. *Tupper* (52 N. Y., 550), the contract was for the sale and delivery of a certain number of bales of cotton, to be paid for on delivery, and it was held that no action could lie until the whole was delivered. The delivery of the entire number of bales was a condition precedent of payment, and hence until their delivery the right of action was not perfect.

In *Andrews* v. *Durant* (11 N. Y., 35), there was a contract for the building of a vessel, which was to be paid for during the progress of the work, and no property vested in the person for whom it was to be built, until it was fully completed. These decisions have no application to a case where the property is to be delivered at different times, and received and accepted, as a delivery was made from time to time, as was the case here. Even if it may be doubted whether the contract contemplated that title to the lumber should not pass, until the whole of the lumber was delivered, it was at least a question as to the intention of the parties to be determined from the evidence. (*Terry* v. *Wheeler*, 25 N. Y., 520; *Bacon* v. *Gilman*, 57 id., 656; *Schindler* v. *Houston*, 1 Coms., 261, 265, 269.) And this question was one for the jury to decide.

Upon the question argued by the defendant's counsel, whether a complete and final culling of all the lumber was required, I think no serious difficulty arises. The general rule is well settled, that upon a sale of chattels, title does not pass so long as anything remains to be done before delivery, to ascertain the identity, quality, quantity, or price of the property,

if by a fair interpretation of the contract, any of these acts are to be done before or at the time of such delivery. (See *Terry* v. *Wheeler, supra ; Evans* v. *Harris*, 19 Barb., 416.)

In the case at bar, there is strong ground for claiming that the fair interpretation of the contract is, that title should pass upon the delivery of the lumber upon the bank, and it being thus delivered at a place designated by the defendant, it passed into his possession, and as some of the testimony shows, was there piled and culled by an agent in the defendant's employment. The delivery was thus complete, and the culling of the entire quantity, or even the counting or measurement of the same, was not an essential element to the validity of the contract. This condition was not a condition precedent, upon which the execution of the contract depended. This case comes within the rule which holds, that although something remains to be done, yet if it clearly appears to be the intention of the parties, that the property shall be deemed to be delivered and the title pass, it shall be so held. (*Olyphant* v. *Baker*, 5 Denio, 379 ; *Dexter* v. *Bevins*, 42 Barb., 573; *Keeler* v. *Vandervere*, 5 Lans., 313.)

In *Crofoot* v. *Bennett* (2 Coms., 258), the owner of a brickyard sold to the defendant a quantity of brick in a kiln, delivered to him possession of the yard, and executed to the plaintiff a bill of sale of all the bricks in the kiln; and it was held that the defendant was entitled to take the quantity named, although they were not counted out, marked or separated from the residue. It is said, in the opinion, " if the goods sold are clearly identified, then, although it may be necessary to number, weigh or measure them, in order to ascertain what would be the price of the whole at a rate agreed upon between the parties, the title will pass."

It was also laid down, that the distinction in all these cases does not depend so much upon what is done as upon the object to be effected. If it be specification, the property is not changed; if merely to ascertain the total value at designated rates, the change of title is effected. It is very plain that the object of the culling and counting, or meas-

uring, was merely as a means of ascertaining the total value, at the rates agreed upon; and hence the title became changed, without the entire lumber being culled, counted or measured.

This doctrine is familiar, and sustained by numerous authorities. (*Russel* v. *Carrington*, 42 N. Y., 118; *Macomber* v. *Parker*, 13 Pick., 175; *Riddle* v. *Varnum*, 20 id., 282; *Tyler* v. *Strang*, 21 Barb., 198; *Dexter* v. *Bevins, supra.*)

But, independent of the rule referred to, the fair construction of the contract is, according to the ordinary rules of interpretation, that the defendant agreed to take such lumber as was brought by the plaintiff and delivered on the bank; and when he did this, and the defendant thus became possessed of the property, he was the absolute owner, and the culling, counting or measuring was not essential to establish a delivery. The proof also shows that the whole was piled, and this was an act of ratification, which sanctioned and approved the delivery.

In regard to the question of acceptance by the defendant, no general act was required, and a delivery according to the terms of the contract vested the title in the purchaser. (*Hyde* v. *Lathrop*, 3 Keyes, 597; *Dexter* v. *Bevins, supra.*)

The charge of the judge, leaving it for the jury to decide whether it was the understanding between the parties, that a delivery on the bank was a complete performance for the purpose of the contract, and vesting the title in the defendant, was not liable to objection within the rules referred to. As we have seen, what was to be done after the delivery on the bank was not material, if the parties intended that the delivery there constituted a performance. The contract was then fulfilled; the lumber under the control, and in possession of the defendant for the purpose of being rafted, and he became the absolute owner of the same.

The various rulings in regard to the evidence disclose no error, and the judgment must be affirmed, with costs.

All concur.

Judgment affirmed.