ABRAHAM · SANGER, Jr., et al., Appellants, *v.* LEANDER WATERBURY et al., Respondents.

Where goods sold are clearly identified, and there remains nothing to be done except to weigh them to ascertain the purchase-price, the title passes.

In an action to recover from the defendants the possession of two hundred and thirty-eight bags of coffee it appeared that plaintiffs sold the coffee, which was then in store with other bags, to H. & Co. on credit. The bags sold were identified by numbers and marks thereon, but were not weighed. This was necessary in order to ascertain the purchase-price. Defendants W. & F. made a loan to the purchasers upon security of the coffee which was transferred to them. The coffee had not been removed from the warehouse. *Held,* that the title passed on the sale to H. & Co.; and so, that the action was not maintainable.

(Argued October 8, 1889; decided October 22, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made December 14, 1886, which affirmed a judgment in favor of the defendants, entered upon a verdict directed by the court.

This was an action of replevin, brought to recover the possession of two hundred and thirty-eight bags of coffee, identified and described in the complaint as follows :

" 89 bags, marked No.  6, H. L. B. & Co., D. B. & Co.
  32 bags, marked No.  8, H. L. B. & Co., D. B. & Co.
  14 bags, marked No. 10, H. L. B. & Co., D. B. & Co.
  29 bags, marked No. 12, H. L. B. & Co., D. B. & Co.
  68 bags, marked No. 14, H. L. B. & Co., D. B. & Co.
   6 bags, marked No. 16, H. L. B. & Co., D. B. & Co."

The complaint alleged, and the answer admitted, " that on or about the 22d day of July, 1885, the said goods  *  *  * were sold by the plaintiffs to the defendants John K. Huston and James E. Huston,  *  *  * on the credit of sixty days for one-half thereof, and of ninety days for the balance thereof." It appeared that the plaintiffs on the 6th day of July, 1885, purchased of Boulton, Bliss & Dallett 605 bags of coffee, then stored with E. B. Bartlett & Co. On the twenty-second day of July the plaintiffs sold the two hundred and thirty-eight bags of coffee hereinbefore referred to, to J. K. Huston & Co., of Philadelphia. That firm, on the 24th day of July, upon the security of the coffee thus purchased, borrowed from the defendants Waterbury & Force $2,300, and then transferred the coffee to them. On July twenty-seventh following, said firm failed, making a general assignment. On the next day the plaintiffs commenced this action, by means of which the coffee was taken from the possession of Waterbury & Force. The coffee then was, as it had been from the time of the purchase by the plaintiffs, actually deposited in the warehouse of E. B. Bartlett & Co., and had not, as yet, been weighed.

*William W. Goodrich*, for appellants. Neither the possession nor the title ever passed under the order, because there

remained something to be done by the sellers. (*Kein* v. *Tupper*, 52 N. Y. 553; *Joyce* v. *Adams*, 4 Seld. 297; *McDonald* v. *Hewitt*, 15 Johns. 349; *Chapman* v. *Kent*, 3 Duer, 224; *Bacon* v. *Gilman*, 57 N. Y. 656; *Downer* v. *Thompson*, 2 Hill, 137; *Rapelyea* v. *Mackie*, 6 Cow. 250; Benjamin on Sales, § 174; *Marsh* v. *Rouse*, 44 N. Y. 647; *Crofoot* v. *Bennett*, 2 Comst. 260; *Barnard* v. *Campbell*, 55 N. Y. 456; 65 Barb. 286.) This is not a case for the application of the rule that where one of two innocent parties must suffer, the loss must fall upon the one who has permitted a state of facts to arise which caused the loss. (*Brown* v. *Williamson*, 15 N. Y. 354.)

*Edward M. Shepard* for respondents. Plaintiff's delivery of possession is conclusively shown by the present action itself. (*Wheeler* v. *Allen*, 51 N. Y. 37.) Where the seller gives credit he waives any lien upon the goods for the purchase-price. The sale being unqualified, absolutely vested the title and property in the purchasers; and no delivery whatever was necessary. (Chitty on Contracts [11th Am. ed.] 518; *Terry* v. *Wheeler*, 25 N. Y. 525; *Olyphant* v. *Baker*, 5 Denio, 382; Benjamin on Sales, §§ 313–317; *Dixon* v. *Yates*, 5 B. & A. 313, 340.) If the seller ever gave direction as to the weighing, it was a direction given by him after the sale was consummated, and in no sense as part of it. (*Dennis* v. *Alexander*, 3 Barr, 50; *Foster* v. *Ropes*, 111 Mass. 10; *Sager* v. *Blain*, 44 N. Y. 445; *Arnold* v. *Delano*, 4 Cush. 33; *Crofoot* v. *Bennett*, 2 N. Y. 258; *Hyde* v. *Lathrop*, 2 Abb. Ct. App. Dec. 436; *Burrows* v. *Whitaker*, 71 N. Y. 291; *Riddle* v. *Varnum*, 20 Pick. 280; *Adams Co.* v. *Senter*, 26 Mich. 73; *Groat* v. *Gile*, 51 N. Y. 437.)

Parker, J. The appellant contends that the title to the coffee in controversy did not pass to J. K. Huston & Co., and that, therefore, the transfer to Waterbury & Force did not vest in them the title or the possession. The sale is admitted. But as the coffee had to be weighed in order to ascertain the amount to be paid to plaintiffs, it is insisted that the

title remained in the plaintiffs. In aid of this contention is invoked the rule that where something remains to be done by the seller to ascertain the identity, quantity or quality of the article sold, or to put it in the condition which the contract requires, the .title remains in the vendor until the condition be complied with. The appellant cites a number of authorities which he urges so apply this rule as to make it applicable to the case here presented. It is said in *Groat et. al.* v. *Gile* (51 N.Y. 451), that "this rule has reference to a sale, not of *specific* property clearly ascertained, but of such as is to be separated from a larger quantity, and is necessary to be identified before it is susceptible of delivery. The rule or principle does not apply where the number of the particular articles sold is to be ascertained for the sole purpose of determining the total value thereof at certain specified rates or a designated fixed price." This distinction is recognized and enforced in *Crofoot* v. *Bennett* (2 N. Y. 258; *Kimberly* v. *Patchin*, (19 N. Y. 330; *Bradley* v. *Wheeler* (44 id. 495). In *Crofoot* v. *Bennett* (*supra*), the court say : "If the goods sold are clearly identified, then, although it may be necessary to number, weigh or measure them, in order to ascertain what would be the price of the whole at a rate agreed upon between the parties, the title will pass." This expression of the court is cited with approval in *Burrows* v. *Whitaker* (71 N. Y. 291), in which case, after a full discussion of the authorities, the court approved the rule as laid down in *Groat* v. *Gile* (*supra*).

Now, applying that rule to the facts in this case, nothing remained to be done in order to indentify the goods sold, because while out of a larger lot two hundred and thirty-eight bags of coffee were disposed of, nevertheless, as appears from the complaint and the testimony adduced, the bags were so marked that there was no difficulty about indentifying the particular bags sold. There remained, therefore, nothing to be done except to weigh the coffee for the purpose of ascertaining the purchase-price. For whether the two hundred and thirty-eight bags of coffee should prove to weigh more or less than the parties anticipated was not of any consequence.

Whatever should prove to be for that number of pounds, J. K. Huston & Co. had agreed to pay.

This case, therefore, does not come within the rule contended for by the appellant, but instead is governed by the principle enunciated in *Groat* v. *Gile*.

Having reached the conclusion that the title and the possession passed to J. K. Huston & Co., it becomes unnecessary to consider any of the other questions discussed, for the plaintiff is without title upon which to found the right to maintain an action.

The judgment appealed from should be affirmed.

All concur.

Judgment affirmed.