(90 Misc. Rep. 700)

### TOMPKINS KIEL MARBLE CO. v. BOCKMAN et al.

(Supreme Court, Appellate Term, First Department. June 28, 1915.)

TROVER AND CONVERSION ⊂⊃10—ACTS CONSTITUTING CONVERSION.

A third person sold plaintiff marble then owned by defendant, but from whom he subsequently purchased. Defendant knew of the sale by the third person. He later told the third person that the marble could be sold at a considerable profit to a marble company, and asked the third person if he thought it would be right to sell. The third person replied that he did not think there was any question about its being right, and that, as plaintiff was not anxious for the marble, he would not object to receiving a profit on his purchase. Thereupon defendant sold to the company. *Held,* that defendant was liable to plaintiff for a conversion.

[Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. §§ 84–94; Dec. Dig. ⊂⊃10.]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action for conversion by the Tompkins Kiel Marble Company against Abraham E. Bockman and another, partners as Bockman & Shepard. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial ordered.

Argued June term, 1915, before GUY, BIJUR, and PAGE, JJ.

Katz & Sommerich, of New York City, for appellant.

Thompson & Ballantine, of New York City (Raymond Ballantine, of New York City, of counsel), for respondents.

BIJUR, J. The subject of the action is a block of marble. Only a question of law is involved in this appeal. One Feeney, on October 19th, sold to plaintiff a lot of marble (including this block) then lying in Shuttleworth's yard. Feeney was not at the time the owner of

the marble, but was negotiating for its purchase from defendants, who subsequently sold it to Feeney. Defendants were fully cognizant of the sale by Feeney to plaintiff. Shortly thereafter defendants told Feeney that this particular block and others could be sold at a considerable profit to the Ætna Marble Company; and Feeney testified:

That one of the defendants "asked me did I think it would be all right; and I said: 'I do not think there is any question about its being all right. The Tompkins Kiel Marble Company (plaintiffs) are not anxious for the 20 blocks that is in Shuttleworths. I do not think they would object to receiving a profit on their sale.' "

Thereupon defendants sold the entire lot to the Ætna Marble Company, and plaintiff claims that such act was a conversion.

It is not necessary to determine whether the mere acquisition of this block by Feeney after he had sold it to plaintiff did not in and of itself vest the title thereto in plaintiff (see Rochester Distilling Co. v. Rasey, 142 N. Y. 570, 37 N. E. 632, 40 Am. St. Rep. 635), because both sides seem to be willing to rest their claims on the need of some further step by Feeney; plaintiff appellant claiming that that should amount to "an appropriation for the benefit of the plaintiff." Respondent insists that such appropriation must be in the form of an act, citing Langton v. Higgins, 28 L. J. Exch. 352; Burrows v. Whittaker, 71 N. Y. 291, 27 Am. Rep. 42, and many other cases.

Bearing in mind the fact that no rights of creditors intervene or are even suggested in the present case, and that defendants were familiar with every detail of the transaction, so that whatever bound Feeney bound them, I am unable to find, in the conversation testified to by Feeney, anything other than an express acknowledgment that he considered the marble (including this block), all of which was specified and well known to each party, to be the property of the plaintiff. So far as creditors of the parties might be concerned, some overt act might have been required to publicly emphasize and effect the vesting of the title in the plaintiff; but, as between the parties themselves, I cannot understand why an act should be required, since the only legal effect of the act would be to permit therefrom, as an inference, the thought expressly spoken by Feeney to defendant, namely, that the marble belonged to plaintiff.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.