# Henry J. Colwell and others v. The Keystone Iron Company.

*Sales: Delivery:. Lumber: Measurement: Inspection: Title.* Where a debtor has turned out to a creditor in payment of the debt certain specified piles of lumber, which were designated and marked, and put into the charge of a person who accepted the duty, for the vendee, though in the general employ of the vendor, the transaction amounts to a completed sale and transfer of the title, though the amount was to be ascertained by future measurement and the purchase price to be determined by future inspection, the vendee to pay any excess of the purchase price over his debt, and the vendor to make good any deficiency.

*Agency: Two principals: Acceptance of delivery..* There is no principle of law which precludes a person from acting as agent for two principals. And it is competent for a person in the employ of the vendor, to accept, by consent of all parties, as the agent of the vendee, the delivery of the property sold; and the agency of the keeper concerning the lumber in such case would be single throughout.

*Transfer of possession: Contract of sale: Revocable bailment.* The transfer of the possession of property by the vendor to the purchaser to be held by him until future measurements and computation should be made, though not under circumstances such as to make the sale a completed one at the time, would nevertheless give a right of possession which could not be revoked by the vendor or any one having no superior rights; possession given under any contract for contract purposes is rightful as between the parties, and not a mere revocable bailment.

*Heard January 19. Decided January 23.*

Error to Marquette Circuit.

*Ball & Owen,* for plaintiffs in error.

*Mitchel & Pratt* and *W. H. Park,* for defendant in error.

CAMPBELL, J:

The Keystone Iron Company sued below in replevin, to recover certain lumber, claimed to have been purchased from the Michigan Iron Company by parol contract, and delivered. The plaintiffs in error, who were defendants below, claim to hold the lumber by general assignment, executed by the Michigan Iron Company for the benefit of creditors.

COLWELL *v.* KEYSTONE IRON COMPANY.

The controversy, therefore, involves no questions which would not have arisen between the two companies had there been no assignment. The only contest on the merits is, whether, as against the Michigan Iron Company, possession could have been asserted by the plaintiff below, who was allowed by the rulings of the court and determined by the finding of the jury to prevail as so entitled.

Upon the facts as they must have been found by the jury, the Keystone Iron Company held a demand against the Michigan Iron Company for four thousand dollars, and required payment. The debtor company had a lot of iron ore received from the Keystone company, which was alleged to be unsatisfactory. A bargain was made verbally, to receive back this ore at an agreed price, which was done, and to pay the remainder in lumber. Having estimated what balance would be due, several piles of lumber were designated and set apart for that purpose, and it was agreed that if found excessive the Keystone company should pay for the excess. If deficient, the Michigan Iron Company was to pay the deficiency. At first an average price of eleven dollars per thousand feet was agreed upon, which was afterwards changed to varying prices for the several qualities of common, dimension, and clear. The piles were designated on a diagram of the yard and subsequently marked, and were put in charge of a person who accepted the duty, by consent of the Michigan Iron Company, in whose general employment he was engaged at the time.

The finding of the jury rests upon the unquestionable facts that there was a distinct verbal agreement that the whole lumber in the specified piles should at once pass at agreed prices to the purchaser, who was to become owner of all of it, that the piles were designated and set apart specifically, and that they were by mutual consent put in the charge of a specified agent as the property of the vendee.

We are very much at a loss to imagine what more could be done to complete the delivery and acceptance of property such as was here disposed of. It was only capa-

ble of constructive delivery, and it was not only distinctly set apart from all the rest of the lumber in the yard, but it was also put in charge of a keeper. Under these circumstances the objections to the validity of the sale are entirely groundless, and require no serious consideration. The whole amount was sold absolutely, and to be absolutely paid for. Nothing was necessary to identify the property sold, and the intention to transfer it at once was manifest. The subsequent measurement and inspection were only necessary to ascertain the price, but were not necessary to pass the title, in the face of a contrary intent. The case falls within the principle of *Adams Mining Company v. Senter*, *26 Mich. R., 73*, not only as to the question of title, but also upon another point suggested, that a person could not at the same time act as agent for two principals. In the present case, however, the agency of the keeper, concerning the lumber in controversy, was single throughout, and if the point had any force it would not apply here.

We may also remark that if the possession of the lumber was transferred to the purchaser, to be held by him until the future measurements and computations should be made, we are not aware of any principle which would make a possession any less valid, against the vendor himself, because the sale might be incomplete. Possession for purposes of future disposal under a bailment designed to secure the bailee payment out of the property or its proceeds, could not be disturbed by the bailor. Possession given under any contract for contract purposes, is rightful as between the parties and those who have no superior rights.

While, therefore, we regard the instructions of the court as correctly holding the transactions in controversy to have made a valid sale of the lumber, we think there would have been no error had the sale been incomplete, where possession was given and received by the purchaser for the purpose of retaining the whole, and where the vendor was under no circumstances to receive back any part of the lumber. If it had been no more than a peculiar bailment, it was not a revocable bailment.

We have not referred specifically to the particular rulings complained of, because the court only authorized a finding for the plaintiff below upon the conditions which, in our judgment, made up a completed sale. The charges were much more favorable to the plaintiffs in error than they were entitled to.

Objections were made to the reception of certain testimony of the sayings and doings of various agents of the parties. They could not have affected the issue in the case, and therefore we need not discuss them. We have not discovered any error in the rulings, but we regard them as not material.

The judgment must be affirmed, with costs.

The other Justices concurred.