# JUNE TERM 1884.[*]

### Edwin Byles v. William R. Colier.

*Sale of personalty—Transfer of title.*

1. The presumption that title does not pass upon a sale so long as anything remains to be done to determine the sum to be paid, is not conclusive, but may be overcome by such facts and circumstances as indicate a contrary intent in the parties, and the intent is a question of fact and not of law.

2. Where money has been paid upon a sale of personalty that has been set apart for the purchaser by examination and estimate of its quantity, the fact that it must be further inspected in order to determine how much remains to be paid, is not inconsistent with the purpose that the title should pass upon the partial payment.

3. Title may pass without delivery, if the property sold is sufficiently identified and even if something remains to be done to fit it for delivery.

4. The delivery made upon the sale of goods is sufficient, if it is all that the contract of sale contemplated.

Error to Oceana. (Russell, J.) April 29.—June 4.

Replevin. Plaintiff brings error. Reversed.

*Fletcher & Wanty* for appellant.

*Peter Doran* and *W. E. Ambler* for appellee.

Cooley, C. J. Replevin for a quantity of lumber. The plaintiff claimed title to the lumber under a contract made between S. B. Farnsworth, Charles Farnsworth, Addie P. Farnsworth, William Farnsworth and Fanny Whittington, of the first part, and A. W. Byrne, of the second part, dated October 28, 1880, whereby the parties of the first part agreed

---

[*] Continued from Vol. 53.

to cut, haul and saw in their mill at Mears, the timber on certain lands owned by them in Oceana county, and sell the lumber to the party of the second part at certain rates specified for eight separate classes, ranging from four dollars per thousand feet for culls, to twenty-two and twenty-three dollars per thousand feet for the three grades of uppers. The terms of payment were to be one-half as soon as the lumber was piled in the yard, and the balance in ninety days after shipment. The following, among others not necessary to be recited, were special clauses of the contract :.

"And it is further agreed that all lumber at all time shall be cut to the order of the party of the second part, in whatsoever shape he may direct. And it is further agreed that the parties of the first part shall not sell or dispose of to any parties any of the above-mentioned grades of lumber, excepting orders that are on the books of the firm on the day of the date of these presents. The parties of the first part reserve the right to remove and dispose of not to exceed (200) two hundred trees suitable for spars. It is agreed that the parties of the second part shall not require the parties of the first part to cut lumber or timbers longer than twenty feet. The inspection that shall govern shall be what is known as Michigan inspection. Each party may furnish an inspector, and in case they disagree then an uninterested party shall be called upon any question that may arise."

November 5, 1880, the party of the second part assigned his interest in the contract to the plaintiff, and in the following July the parties of the first part entered into a contract with George Murphy, whereby he acquired an interest in the first-mentioned contract, the particulars of which it is not necessary to give now. The lumber was cut by Murphy after July, 1881, and piled in the mill-yard, where it was attached by the defendant, who is sheriff of the county of Oceana, by virtue of attachments against Murphy and William Farnsworth, and as their property. The attachment was made February, 2, 1882.

The circuit judge who tried the case finds

" That said lumber had never been measured, but plaintiff, under said contracts, had advanced one-half of the estimated

value as provided for in said contracts, from time to time, on an estimate made by counting piles on yard each month; that it was the practice of the parties to said contract to measure and inspect the lumber as it was loaded upon the cars for shipment, and this measurement and inspection was recognized and acquiesced in by all parties, and the lumber was paid for in accordance therewith, the plaintiff rendering to second parties in said contract statements of number of cars, quantity and quality of lumber on each, and prices provided for, and making payment of the amount to be paid ninety days from time of shipment, as stated in said contract; this inspection being made by a person satisfactory to both parties. This particular lumber was not so inspected, measured and shipped until some months after it was replevined by plaintiff in this suit. The last of the lumber was manufactured in June, 1882, and had not all been shipped in February, 1883, when the cause was tried. The plaintiff settled with Murphy for the lumber in May or June, 1882, but then the amount was estimated and a sum agreed upon as the sum that should be payable, the entire quantity of the lumber not having been at that time inspected and measured. This settlement was after the replevin suit had been brought. The plaintiff did not claim title to the lumber in question by virtue of any settlement or contract with the Farnsworths and Murphy, but claimed that he became the owner of the lumber manufactured under said contract by the payment of the one-half of the purchase price, as estimated and mentioned in said contract, and by virtue of said payment the title passed to him."

The judge concludes his findings as follows:

"I find, as questions of law, from the evidence and the contracts,—it being expressly provided in said contract that each party had the right to furnish an inspector to inspect and grade the lumber, and in case of disagreement of inspectors, a disinterested party should be called upon to settle any question of difference, and this lumber in question never having been measured and inspected according to provisions of the contract and usages of the parties under it,—that at time of levy under the said writs of attachment the title of the lumber in question had not vested in the plaintiff herein; that no title to the standing trees passed under said contract to plaintiff, the contract being for manufacturing rather than sale of standing timber; that by advancement of one-half of purchase price of lumber on estimated quantity and quality

on yard under said contract did not of itself pass absolute title to the lumber in question to the plaintiff, and the title to the said lumber replevied at time of replevy was in George Murphy and William Farnsworth, and hence subject to levy under said writs of attachment."

The defendant had judgment accordingly.

In *Lingham v. Eggleston* 27 Mich. 324, it was decided that the question whether a sale is completed or only executory, is usually one to be determined from the intent of the parties as gathered from their contract, the situation of the thing sold, and the circumstances surrounding the sale; that where the goods sold are designated so that no question can arise as to the thing intended, it is not absolutely essential that there should be a delivery, or that the goods should be in deliverable condition, or that the quantity or quality, when the price depends upon either or both, should be determined; these being circumstances indicating intent, but not conclusive; but that where anything is to be done by the vendor, or by the mutual concurrence of both parties, for the purpose of ascertaining the price of the goods, as by weighing, testing or measuring them, where the price is to depend upon the quantity or quality of the goods, the performance of these things, in the absence of anything indicating a contrary intent, is to be deemed presumptively a condition precedent to the transfer of the property, although the individual goods be ascertained, and they appear to be in a state in which they may be and ought to be accepted. This case has been referred to with approval in the subsequent cases of *Hatch v. Fowler* 28 Mich. 205; *Hahn v. Fredericks* 30 Mich. 223; *Wilkinson v. Holiday* 33 Mich. 386; *Grant v. Merchants' etc. Bank* 35 Mich. 515; *Scotten v. Sutter* 37 Mich. 526; *Carpenter v. Graham* 42 Mich. 191; *Brewer v. Salt Association* 47 Mich. 526. The cases elsewhere to the same effect are numerous, and many of them are collected in Mr. Bennett's note to section 319 of the third edition of Benjamin on Sales. And see *Kelsea v. Haines* 41 N. H. 246; *Southwestern Freight Co. v. Stanard* 44 Mo. 71; *Shelton v. Franklin* 68 Ill. 333; *Straus v. Minzesheimer* 78 Ill. 492; *Crofoot v. Bennett* 2

N. Y. 258; *Groat v. Gile* 51 N. Y. 431; *Burrows v. Whitaker* 71 N. Y. 291; *Dennis v. Alexander* 3 Penn. St. 50; *Galloway v. Week* 54 Wis. 608; *Caywood v. Timmons* 31 Kan. 394.

That the cases referred to settle the general principle, at least for this State, is beyond question or cavil. Presumptively, the title does not pass, even though the articles be designated, so long as anything remains to be done to determine the sum to be paid; but this is only a presumption, and is liable to be overcome by such facts and circumstances as indicate an intent in the parties to the contrary.

In this case the circuit judge has not passed upon the question of intent as one of fact, but he has found, as matter of law, that, under the contract, the title had not passed when the attachment was made. In thus treating the question as one of law instead of fact, we think he erred. The facts found by him might possibly have justified the conclusion as one of fact, that the minds of the parties had not met in an intent that the title should pass; but the opposite conclusion seems much the more reasonable, and it is hardly probable that the circuit judge would have failed to draw it, if he had felt at liberty, under the terms of the contract, to do so. But the justification would have been ample under the authorities. The lumber which was attached had been examined by the parties as lumber which the plaintiff was to receive; they had agreed in an estimate of the quantity, and the plaintiff had made the payment upon that estimate which, by the contract, he was to make upon inspection. The lumber was therefore set apart for the plaintiff by examination, estimate and payment; and it is not likely that either party supposed, after the payment had been made, that the ownership was in any one but the plaintiff.

That, for the purpose of determining with accuracy the sum to be finally paid, an inspection was to be had, is true. But this fact is not inconsistent with an intent that the title should pass immediately, when partial payment was made on the estimate. *Colwell v. Keystone Iron Co.* 36 Mich. 51; *Macomber v. Parker* 13 Pick. 175; *Williams v. Adams* 3

Sneed 359; *Sewell v. Eaton* 6 Wis. 490; *Morrow v. Reed* 30 Wis. 81; *Ockington v. Richey* 41 N. H. 275; *Fitch v. Burk* 38 Vt. 683; *Hatch v. Oil Co.* 100 U. S. 124; *Oil Co. v. Van Etten* 107 U. S. 325. The title might pass even without delivery if the property were sufficiently identified: *Kimberly v. Patchin* 19 N. Y. 338; *Russell v. Carrington* 42 N. Y. 118; *Watts v. Hendry* 13 Fla. 523; and even though something remain to be done to fit it for delivery. *Elgee Cotton Cases* 22 Wall. 180; *Butterworth v. McKinly* 11 Humph. 206; *Cummins v. Griggs* 2 Duv. 87; *Burr v. Williams* 23 Ark. 244. But the delivery made in this case was all that the contract contemplated, and was therefore sufficient. *Morrow v. Campbell* 30 Wis. 90; *Rattary v. Cook* 50 Ala. 352; *Hurd v. Cook* 75 N. Y. 454; *Bell v. Farrar* 41 Ill. 400; *Graff v. Fitch* 58 Ill. 373; *Gilman v. Hill* 36 N. H. 311. Cases closely resembling the one before us in the more important facts may be seen in *Fitch v. Burk* 38 Vt. 683; *Bush v. Barfield* 1 Cold. 92; *Boswell v. Green* 25 N. J. Law 390; *Burrows v. Whitaker* 71 N. Y. 291; and *Sedgwick v. Cottingham* 54 Iowa 512. Others are cited in the note to Benjamin on Sales, above referred to. The case differs from *Stephens v. Santee* 49 N. Y. 35, in which there was no acceptance.

A new trial will be ordered.

The other Justices concurred.