## D. H. BEDELL

v.

## E. O. TRACY, SURVIVING PARTNER.

LAMOILLE COUNTY, 1892.

Before: Ross, Ch. J., Rowell, Tyler and Munson, JJ.

*Statute of frauds. Sale of lands. Recovery of part payment. Permanent improvements. Statute of limitations.*

In December, 1881, the defendant was the owner of an overdue mortgage upon a saw mill, the mortgagor being in possession, and then made a contract with the plaintiff that if the plaintiff would obtain possession of the property he, the defendant, would sell him the same for a fair price and allow towards the purchase price whatever the plaintiff might pay to obtain possession. Thereupon the plaintiff

leased the premises for an annual rent of $475, paying $175 down. By the terms of this lease the plaintiff had the right to purchase the property. Under it the plaintiff took possession, and held the same until August, 1882, when he transferred his possession to C. under a contract for sale. C, held possession until August, 1883, when the mortgagor re-entered for non-payment of rent, and conveyed the premises to the defendant. In June, 1882, the plaintiff made an oral contract with the defendant for the purchase of the premises. By the terms of this contract the purchase price was to be $1,775. The $175 already paid was to be treated as a part payment towards this; the plaintiff paid $200 more, and the defendant was to deed when the interest of the mortgagor was gotten rid of. This contract the defendant subsequently refused to carry out upon tender by the plaintiff. At the time the plaintiff gave possession to C. he agreed, as a part of the contract of sale, to make, and did make, certain permanent improvements upon the property and when the defendant refused to convey to the plaintiff he promised to pay him what these improvements were reasonably worth. In a suit in general assumpsit, and in special assumpsit upon the contract, *Held,*

1.  That no action would lie upon the oral contract.

2.  That the plaintiff could recover the $200 and interest.

3.  That he could not recover the $175, that never having come to the use of the defendant.

4.  That he could not recover the value of the permanent improvements, the promise to pay for them being without consideration.

5.  That the statute of limitations would begin to run as to the $200 from the date of the defendant's refusal to perform.

6.  Where there is error in the proceedings below and the supreme court is in doubt upon the record what judgment should be rendered upon a special verdict, the case will be remanded.

Assumpsit. Pleas, the general issue and statute of limitations. Trial by jury at the December term, 1891, THOMPSON, J., presiding. Verdict and judgment for the plaintiff. The defendant excepts. The case appears in the opinion.

*J. K. Darling* for the defendant.

*Geo. M. Powers* and *P. K. Gleed* for the plaintiff.

The plaintiff should recover upon the ground that the defendant equitably owes him the sums sued for, and parol evidence is admissible to show the facts from which this equity springs. *Welch & Vance* v. *Darling*, 56 Vt. 136; *Gifford* v. *Willard*, 55 Vt. 36.

The cause of action did not accrue until the defendant refused to perform. *Cobb* v. *Hall*, 29 Vt. 510.

The opinion of the court was delivered by

ROSS, Ch. J. The defendant is sued as the surviving partner of J. P. & E. O. Tracy. The action is assumpsit, upon the common counts and one special count alleging that on the 14th day of June, 1882, the plaintiff entered into a contract with the Tracys whereby they agreed to deed to him a certain saw mill and appurtenances, upon the receipt of two hundred dollars, and a mortgage back securing the payment of thirteen hundred dollars; and that he agreed to purchase the same on these terms; that he paid them the two hundred dollars, entered upon the premises and made large repairs; that they refused to deed the premises, and on June 13, 1883, entered upon the premises, ousted the plaintiff, and thereby deprived him of the benefit of his payment, and his expenditures, to his damage. The defendant pleaded the general issue, statute of limitations, and gave notice of special matter in defence. On the trial, the plaintiff sought to recover a payment of $175, of $200, and for expenditures upon the mill for repairs and adding a new water wheel. The contract and arrangement between the plaintiff and the Tracys rested in parol. The defendant seasonably excepted to any oral testimony to establish the same, and especially excepted to the charge of the court upon the right of the plaintiff to recover the

$175. To understand fully the force of these exceptions, it becomes necessary to state the substance of the plaintiff's testimony. The Tracys held an overdue mortgage on certain premises, including a saw mill, in December, 1881, which were then in the possession of the mortgagor. The plaintiff's testimony tended to show that during that month he made an arrangement with them by which they promised that if he could arrange with the mortgagor so that he could go into possession of the property, they would sell the property to him at a price that would be satisfactory, and allow him towards that price whatever he should pay the mortgagor to obtain possession; that acting under this arrangement, on January 17, 1882, he obtained from the mortgagor a lease of the property by paying him $175. A copy of the lease was put into the case. The lease was for one year, at the rent of $475, with the right to have it extended for another year at the rent of $500. The plaintiff paid down $175. The lease gave the plaintiff the right to purchase the premises by paying the defendants' mortgage, and one other claim which rested on the premises. If he purchased, the rent, except the $175, was to go to pay the mortgage and other claim. In that case the mortgagor was to retain the $175. If he did not elect to purchase, the $175 was to be applied on the first year's rent. If the rent was not paid as it became due, the mortgagor had the right to re-enter and take possession of the premises. The plaintiff did not elect to purchase, failed to pay the rent as it fell due, and the mortgagor reentered August 7, 1883, took possession of the premises, and then surrendered them to the defendants, as mortgagees. It was not claimed that the $175 paid the mortgagor, ever came to the defendants, nor was there any testimony tending to show that it ever enured to their benefit in any way. The plaintiff's testimony tended to show, and the jury have found in accordance with his testimony, that on June 14, 1882, he made an oral contract

with the Tracys by which he purchased and they sold him the premises for the sum of $1,775, and that the $175 paid the mortgagor was considered and treated as a payment of so much towards the premises; that he then paid $95, and soon after paid $105 more, and was to pay another $200 with interest on the $1,400, when the Tracys got rid of the interest of the mortgagor; and they were then to deed to him, and he was to mortgage back to secure the payment of the remainder of the purchase money. The defendant admitted an oral trade, but denied that the $175 was to be considered a payment towards the premises, and claimed that the sale was for $1,600, that the plaintiff was to pay $500, before the deed was to be given, which he never did nor offered to do. The plaintiff entered into possession of the premises under his lease from the mortgagor, and remained in possession until August 23, 1882, when he bargained the premises to A. A. Caldwell and gave him a bond for a deed. Caldwell took possession of the premises and remained in possession as a purchaser from the plaintiff until August 7, 1883, when the mortgagor took possession under the lease for condition broken, and surrendered possession to the Tracys as mortgagees, to whom he attorned. Under this contract between the plaintiff and Caldwell, the plaintiff made the repairs and expenditures upon the mill for which he claimed to recover. The parties were at variance in regard to which had failed to perform the oral agreement for the sale of the premises, and in some other respects, which the jury have solved in favor of the plaintiff. The plaintiff did not claim that he had kept and performed the terms of the lease from the defendants' mortgagor, nor did he deny the mortgagee's right of re-entry. It does not appear that the plaintiff ever paid any one any rent under the lease except the $175. These are the facts which were either uncontroverted, or there was evidence tending to establish, material to the consideration of the exceptions.

I. The contract was executory, unwritten, and related to real estate. No action of law nor in equity could be maintained upon the naked contract, either to enforce it or to recover damages for non-performance of its provisions. The contract was not unlawful, but its enforcement is forbidden by statute. R. L. 981. *Meach* v. *Stone & Perry, Admrs.*, 1. D. Chipman, 182 : *Hibbard* v. *Whitney*, 13 Vt. 21. Where possession has been given and taken of the premises and the contract so far performed that it would be a fraud upon the purchaser to deny specific performance, equity will compel such performance. *Sutton* v. *Estate of Sutton*, 13 Vt. 71. Payment of the purchase money is not such part performance. *Buck* v. *Pickwell*, 27 Vt. 157 ; *Fitch* v. *Burk*, 38 Vt. 687 ; *Sterling* v. *Baldwin*, 42 Vt. 309. Such an oral agreement conveys no interest in the land. *Whitcher* v. *Morey*, 39 Vt. 459. Even when there is a tender of conveyance unaccepted it does not entitle the vendor to maintain an action for the price. *King* v. *Smith*, 33 Vt. 22. When the conveyance is made and accepted, in fulfillment of such a contract, an action lies for the price. Roberts Digest, 339. pl. 50 and cases cited. When the purchaser has paid a part of the price and tenders full performance, and the vendor on proper demand refuses to perform, the purchaser may recover the money paid with interest, because it is money in the vendor's hands belonging to the purchaser, for which he has received and the vendor paid no consideration, through the vendor's refusal to perform. But if the vendor is ready to perform, no recovery of the price, or of part of the price paid, can be had. *Cobb* v. *Hall*, 29 Vt. 510, 33 Vt. 233 ; *Shaw* v. *Shaw*, 6 Vt. 69 ; *Smith* v. *Smith*, 14 Vt. 440. The jury under the charge have found the parol contract as claimed by the plaintiff and that he tendered performance and the Tracys refused to perform. These facts entitle the plaintiff to recover the $200 with interest, which he had paid towards the purchase. It was admissible

for him to prove these facts, because they showed how this money belonging to the plaintiff came to be in the hands of the Tracys. Such recovery is not upon the parol contract for the sale of real estate, but for money had and received by the vendor, for which he returned no consideration through his refusal to perform the contract. The right of action arose upon the refusal of the defendant to perform the unwritten contract. This eliminates any question of the statute of limitations, inasmuch as such refusal was within six years of the commencement of the action. The recovery of this sum could be had under the general counts.

II. But the $175 stands differently. That sum never came to the Tracys nor enured to their benefit. It was paid to the mortgagor as rent. The plaintiff went into possession of the premises under the mortgagor and held possession under him for the full term for which this money was paid. As tenant he could not dispute the title of his landlord, the mortgagor. He never was in possession under the Tracys. They did not obtain possession until the plaintiff's possession had been terminated by the re-entry of the mortgagor for non-payment of the rent. The provision in the lease which gave the plaintiff the right to purchase of the mortgagor by the payment of the Tracy mortgage and other claim resting upon the property, he did not avail himself of. He elected not to purchase. Neither did he pay any of the rent to the Tracys, stipulated in the lease between him and the mortgagor to be paid them. They were not parties to the lease and could not enforce its provisions and none of the stipulations therein enured to their benefit. Hence the plaintiff could not recover the $175, as money had and received by the Tracys, and which they held for his benefit when they declined to carry out the unwritten contract for the sale of the real estate. Neither did the plaintiff pay this sum to the mortgagor at the legal request of the Tracys. When he took the lease and paid the $175 to the mortgagor, in January,

1882, no unwritten contract in regard to the mill and property existed between the plaintiff and the Tracys. The December before they had told him if he secured possession of the premises they would make a favorable contract with him. But no such contract was concluded until June 14, 1882. When, therefore, the plaintiff paid the $175 to the mortgagor, on rent under the lease, he paid it on his own account, for his own benefit, and without any request from the Tracys which would raise any liability on their part in any way to refund the $175 to him. Then, he and the Tracys had no legal or contract relations, written or unwritten, in regard to the property. Such unwritten contract relations did not mature until June 14, 1882. The plaintiff could not therefore recover this sum on the count for money paid to their benefit at their request. The only ground of recovery for this sum rests upon the clause of the unwritten agreement of June 14, 1882, that it should be a payment of that amount towards the purchase of the real estate agreed to be sold. The plaintiff must recover this sum, if at all, by force of this unwritten agreement. This the statute forbids. It was error to admit unwritten testimony to establish the contract of June 14, 1882, for this purpose.

III. The recovery for what the repairs and articles of personal property added to the property by the plaintiff while he was lessee of the mortgagor were reasonably worth does not arise out of the original unwritten contract for the sale of the mill between the plaintiff and the Tracys, but, as found by the jury, rests upon another contract in regard to the same property as it came into the hands of the Tracys when and after they took possession as mortgagees. The jury have found that while the plaintiff and Caldwell, who was in possession under him, were in possession of the mill, the plaintiff repaired the old water wheel, added a new one, and added some personal property or fixtures, such as belts and saws; and that the Tracys, when they refused to carry

out their original unwritten contract for the sale of the mill,. agreed to purchase these and to pay the plaintiff what they were then reasonably worth. The defendants excepted specially to the admission of any evidence in regard to the repairs of the old water wheel. They also seasonably excepted to any oral evidence to establish the plaintiff's arrangement and contract with the defendants in regard to said property. This last exception is general in terms, evidently was taken at the commencement of the trial, and is broad enough to cover their agreement to purchase and pay for the repairs and additions made to the property by the plaintiff while lessee of the mortgagor. This last agreement was unwritten and as much within the statute of frauds, and for that reason unenforceable, as the original contract. The new water wheel and the repairs to the old one, had become a part of the realty.. Whether the personal property had become fixtures and would pass as realty, or remained personal property, its purchase was within the statute of frauds, as it was of more than forty dollars value if personal property. The statute therefore rendered oral proof of this agreement inadmissible and forbade its enforcement. The plaintiff could not enforce the agreement nor prove it except by a contract in writing. But the recovery in this case was for the price, or what the new wheel, repairs of the old wheel and personal property added to the mill, were reasonably worth. Where the contract is fully executed by the vendor of real estate, or of personal property, the sale of which is within the operation of the statute of frauds, a recovery for the price of such property is not within the statute of frauds. *Bank* v. *Ormsby*, 28 Vt. 721, and cases cited. R. Digest 389, pl. 50. Hence the defendant's general exception to oral testimony to prove the last named agreement would not avail them if the plaintiff had shown by oral testimony that he had conveyed this property to the defendants. These additions and repairs were made by the plaintiff while

he was in possession of the premises as lessee of the mort-
gagor and while Caldwell was in possession under him.
They were not made upon the express or implied request of
the defendants.   So far as appears the defendants had no
knowledge that the plaintiff proposed to or had agreed with
Caldwell to make them.   They had not taken possession
and the plaintiff was not holding under them when the ad-
ditions and repairs were made.   The plaintiff's possession
and that of Caldwell was the possession of the mortgagor.
Legally these repairs and additions stood related to the de-
fendants the same as if made by the mortgagor in possession.
If made by the mortgagor while in possession, although
they added to the defendants' security, they would create no
legal liability of the defendants to pay for them.   When the
mortgagor re-entered for the failure of the plaintiff to pay
the stipulated rent, the additions and repairs became the
property of the mortgagor.   The plaintiff had no right to
them or to remove them.   The plaintiff surrendered noth-
ing and the defendants acquired nothing by the subsequent
agreement.   It was therefore wholly without consideration
and unenforceable.   *Frear* v. *Hardenbergh*, 5 Johnson 272,
(4 Am. Dec. 356) ; *Shreve* v. *Grimes*, 4 Littell (Ky.) 220,
(14 Am. Dec. 117).   The last case holds that a purchaser
of real estate, under a parol contract, which is not enforce-
able, cannot recover on implied assumpsit for improvements
made on the estate, and the first, that no recovery can be
had on the promise of the owner given after the improve-
ments are made, inasmuch as such promise lacks considera-
tion to support it.   There may be doubt whether the gen-
eral exception taken by the defendant was intended to
cvoer the admission of the entire testimony in regard to
the defendants' agreement to purchase and pay for the
repairs and additions.   The special exception does cover
the repairs on the old water wheel.   The special ex-
ception would not be needed if the general exception was in-

tended to apply to the admission of the testimony in regard to the agreement of the defendants to pay for the repairs and personal property. Hence this court is in doubt what judgment it should render in reference to the new water wheel and personal property or fixtures, although the verdict is special. Therefore, inasmuch as the exceptions leave this court in doubt what judgment it should render on the special verdict, and as error is found in the judgment of the county court, that

*Judgment is reversed and the cause remanded for a new trial.*

Rowell, J., dissents.