THOMAS M. BARBER *et al.* *vs.* THEODORE S. ANDREWS.

MARCH 23, 1908.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1) *Sales. Designating Goods Sold.*

Plaintiff claimed to have purchased of X. 20 tons of hay, a part of a larger quantity stored in bulk in X.'s barn. It was to be removed at convenience of plaintiff, and five hundred cubic feet were to be estimated as a ton, and the ten thousand cubic feet were to be ascertained by measuring from the east end of the mow, taking the entire width of the barn. No separation of the hay was made, and no measurement or weighing took place:—

*Held*, that, while recognizing the rule that the goods to be sold must be sufficiently designated, yet here the prescribed dimensions and definite location was a tangible thing upon which the minds of the parties could meet without uncertainty, and the sale was complete.

TROVER. Heard on exceptions of defendant, and overruled.

DOUGLAS, C. J. This action is brought to recover damages for the conversion of twenty tons of hay which were attached by the defendant, a deputy sheriff, as the property of one George A. Carr, and sold by order of the court.

The plaintiffs aver that at a time previous to the attachment they bought the hay of Carr, and paid for the same by remitting a cash claim against him and by delivery of a horse to him.

The hay in question was part of a larger quantity of good hay stored in bulk at the east end of the mow in a barn occupied by Carr. In front and over this lot of hay a quantity of millet and rye straw was placed, from which from time to time Carr fed his cattle. According to the testimony of Carr and of the plaintiffs, it was agreed that the plaintiffs were to take the hay away at their convenience; that five hundred cubic feet should be estimated as a ton, and the ten thousand cubic feet should be ascertained by measuring from the east end of the mow, taking the entire width of the barn. No separation of the twenty tons was made, and no measurement or weighing actually took place. The plaintiffs rely upon this agreement as to the method of measurement as equivalent to an apportionment.

The underlying principle of all the cases on the subject is that to constitute a sale the parties must intend to transfer the immediate ownership in some specific thing. I Mechem on Sales, § 497; *The Elgee Cotton Cases*, 22 Wall. 180, 187; *Riddle* v. *Varnum*, 20 Pick. 280, 283, 284. When actual delivery is made this is *prima facie* proof of the intention to pass the title. When the vendor retains possession it is *prima facie* proof that the transaction is an executory agreement to sell. The effect of delivery or of retention of possession by the seller may be rebutted by more cogent evidence of intention.

"The parties may lawfully agree to an immediate transference of the property in goods, although the seller is to do many things to them before they are to be deliverable, and on the other hand, they may agree to postpone the vesting of the property till after the fulfillment of any conditions they please." Black. Sal. 121.

But it is impossible to pass title to property in existence which is not identified by the terms of the contract. The vendor and the vendee must have in mind the same thing in order to pass the title to it.

Two questions, therefore, arise in this case. First, did the parties in good faith make the contract which they testify to? Secondly, was the designation of the subject-matter in the terms of the contract sufficient to identify the thing sold?

It is shown, in support of the claim of good faith, that the plaintiffs were engaged in the business of cutting and sawing lumber and had in operation several portable sawmills which they moved from place to place as the timber was cut; that they also owned and employed a number of horses; that the location of Carr's barn was a convenient place of storage for the hay, which they did not need to use immediately; that the price paid was a fair one and the mode of estimating the quantity convenient and approximately correct. These considerations and the declarations of the parties satisfied the jury that a *bona fide* sale was intended, and we can not say that they erred in so finding. The question of the intention of the parties is usually one to be determined from all the facts and circumstances surrounding the particular case, and, like such questions generally, is pre-eminently a question for the jury. I Mechem on Sales, § 502.

(1) The second question, at first sight, presents more difficulty. The defendant urges with plausibility that the sale of twenty tons of hay out of a larger quantity is as indefinite as the sale of fifty tons of oil to be drawn from a mass of ninety tons, as in *Wallace* v. *Breeds*, 13 East. 522; or ten tons out of eighteen tons of flax, as in *Busk* v. *Davis*, 2 M. & S. 397; or twenty tons of oil out of the seller's stock in cisterns, as in *White* v. *Wilks*, 5 Taunt. 176; or of a definite quantity of any commodity out of a larger quantity, as in *Austen* v. *Craven*, 4 Taunt. 644; *Shepley* v. *Davis*, 5 Taunt. 617; *Boswell* v. *Kilborn*, 15 Moore P. C. 309; *Snell* v. *Heighton*, 1 Cab. & Ell. 95, and other cases cited in Benjamin on Sales (5th ed.), 334, *et seq*. In all these cases the identity of the particular thing which was the subject of the contract was not ascertained. Any portion of the whole mass or quantity, of the specified bulk or number, would satisfy the terms of the agreement as well as another, and so no particular part could be said to be the subject-matter of the contract.

Neither in the case at bar was there any distinguishing mark placed upon the hay, or the portion sold separated from the portion retained, as in the cases cited by the plaintiff. In *Webster* v. *Anderson*, 42 Mich. 554, the individual hogs were pointed out and agreed upon. In *Ropes* v. *Lane*, 9 Allen, 502, all the No. 1 mackerel in the lot were designated. In *Tift* v. *Wight & Weslosky Co.*, 113 Ga. 681, the oats in bags were set aside and marked. In *Colwell* v. *Keystone Iron Co.*, 36 Mich. 51, the lumber was piled apart and placed in charge of an agent of the buyer. In *Griswold, Pearl & Co.* v. *Scott*, 66 Vt. 550, the barrels of flour were marked with the buyer's names. In *Com. Nat. Bank* v. *Mundy*, 18 Ore. 57, all the cattle on the seller's range were designated. In *Robertson* v. *Hunt*, 77 Texas, 321, particular cattle were pointed out and identified, and the bill of sale as construed by the court called for all the cattle in the seller's pasture. In *Newcomb* v. *Cabell*, 10 Bush (Ky.), 460, the barrels of whiskey were identified by numbers. In *Lingham* v. *Eggleston*, 27 Mich. 324, the bill of sale specified all the pine lumber in the seller's yard. In *Barney* v. *Brown*, 2 Vt. 374, and in *Groat* v. *Gile*, 51 N. Y. 431, all the sheep in an enclosure were bargained for. In *Sanger* v. *Waterbury*, 116 N. Y. 371, the bags of coffee were identified by numbers placed on them. The principle, however, is recognized in all of them that "the goods must be sufficiently designated that no question can arise as to the thing intended," that "the parties do not contemplate an immediate bargain and sale till the specific goods on which their contract is to attach are agreed upon."

Tested by this principle, we conclude that the sale of the hay to the plaintiffs was complete. If the bargain had been for twenty tons of hay out of the larger quantity, no specific parcel of twenty tons could have been identified as the subject of the contract. But the agreement further provided that the twenty tons should be conclusively taken to be the ten thousand cubic feet of hay which lay nearest to the east wall of the barn and extended from side to side of the mow. This mass of prescribed dimensions and definite location was a tangible thing upon which the minds of the parties could meet without uncertainty. No other mass of like dimensions and quality

would satisfy the terms of the agreement. How, then, can we say that the contract was executory because the subject matter had not been ascertained? It can not be doubted that a conveyance of the twenty thousand square feet of land lying nearest the easterly end of a defined enclosure and extending from the north to the south lines of such enclosure would describe the land conveyed with sufficient certainty, and the description of the solid mass of hay in the agreement we are considering seems to us equally good.

The defendant's exceptions are overruled, and the cause is remitted to the Superior Court for judgment on the verdict.

*Frederick C. Olney* and *W. Louis Frost,* for plaintiffs.

*P. Henry Quinn,* for defendant.